**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 27 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-3372 |
| | ) | |
| John Devore and | ) | Chapter 7 |
| Susan Devore, | ) | |
| | ) | Adv. Pro. No. 10-3365 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| William L. Swope, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Huntington National Bank, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER REGARDING
CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on cross-motions for summary judgment filed by Plaintiff, the Trustee in the underlying Chapter 7 case, and Defendant Huntington National Bank ("Huntington") [Doc. ## 15 & 16], and Huntington's response to Plaintiff's motion [Doc. #18]. In his complaint, Plaintiff names as defendants Huntington, John and Susan Devore (the Debtors in the underlying

Chapter 7 case), Devore Rentals, LLC, and JACD, LLC. Plaintiff seeks a declaratory judgment as to Huntington's secured status in the net sale proceeds resulting from the sale of five parcels of real estate.

In its answer and cross-claim against Devore Rentals, LLC, and JACD, LLC, Huntington alleges that it has a judgment lien that has attached to the five parcels of real estate and that any attempted prepetition transfers of the parcels are void since the grantee entity did not exist or, alternatively, should be avoided as fraudulent transfers under Ohio Revised Code § 1336.02(A)(1) and (2). While all of the parties have stipulated to the facts upon which the court is to rely in deciding the cross-motions for summary judgment, [*see* Doc. # 13], no responses have been filed by Debtors, Devore Rentals, LLC, or JACD, LLC.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. This is a core proceedings that the court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(K). For the reasons that follow, the court finds that Huntington is entitled to entry of judgment in its favor.

## FACTUAL BACKGROUND

The parties have stipulated to the following facts. The five properties that are the subject of this adversary proceeding are located in Marion, Ohio, at the following addresses: 306 Grand Avenue, 436 Pearl Street, 267 N. Prospect Street, 658 E. George Street, and 408 Lynn Drive (collectively "the Subject Properties"). Pursuant to deeds filed with the Marion County Recorder in 2006 and 2007, the Subject Properties were titled in the name of Devore Rentals, LLC, an Ohio limited liability company originally formed and registered with the Ohio Secretary of State on July 15, 2005. Debtors are each fifty percent owners of Devore Rentals, LLC.

On May 4, 2009, Huntington accelerated its six loans to the Debtors and Devore Rentals, LLC, and demanded payment in full, providing a deadline for such payment of May 11, 2009. Huntington's demand letter advised Debtors and Devore Rentals, LLC, that unless full payment was made by that date, it would initiate legal proceedings to take an immediate judgment on the promissory notes and guaranties. [Doc. # 13, ¶ 4 & Ex. A, p. 3]. On May 11, 2009, Debtor John Devore, in his capacity as authorized member of Devore Rentals, LLC, executed quit claim deeds in an effort to transfer the Subject Properties and naming JACD, LLC, as the grantee. [*Id.*, ¶ 5 & Ex. B]. Those deeds were recorded on May 12, 2009, in the Marion County Recorder's office.

2

Debtors' Statement of Financial Affairs states that Debtor John Devore is 100% owner of JACD, LLC. However, at the time of the attempted transfers, JACD, LLC, was not a registered entity with the Ohio Secretary of State. JACD, LLC, provided no consideration to Devore Rentals, LLC, for the attempted transfer of the Subject Properties and, at the time of the attempted transfers, was insolvent, as defined by Ohio Revised Code § 1336.02(A)(1) and (2).

On May 22, 2009, Huntington obtained a judgment against Debtors and Devore Rentals, LLC, in the total amount of $675,110.48 and, on that same date, filed a Certificate of Judgment with the Marion County, Ohio, Court of Common Pleas, which became a good and valid lien on all real property held by Devore Rentals, LLC, in Marion County, Ohio. [Doc. # 13, ¶ 8 & Ex. C, p. 2].

On June 4, 2009, Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code.

The court authorized Plaintiff to retain an auctioneer to sell the Subject Properties and, on March 12, 2010, by Stipulated Judgment Entry approved by Plaintiff, Huntington, and Debtors, the court ordered the Subject Properties to be sold by the auctioneer, with the net proceeds of the sale to be held by Plaintiff pending further order of the court. On May 12, 2010, the auctioneer offered the Subject Properties for sale, all of which were sold for the total gross sale price of $110,000.00. The net sale proceeds after payment of property taxes and assessments, closing costs, advertising costs, and the auctioneer's fees and expenses total $85,498.83 ("Net Sale Proceeds").[1] The Net Sale Proceeds are being held by Plaintiff in his trust account pending further order of the court. All parties that may claim an interest in the Net Sale Proceeds are before the court in this adversary proceeding.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of

---

[1] The initial net proceeds totaled $81,098.83. However, due to an accounting error, the auctioneer fees listed in his fee application were $4,400.00 more than the correct amount, and the auctioneer has filed an amended fee application indicating that he has refunded the overpayment of $4,400.00 to Plaintiff. [*See* Doc. # 13, ¶ 24; Case No. 09-33772, Doc. # 169].

3

informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.*

In cases such as this, where the parties have filed cross-motions for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law. *Lansing Dairy v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463 n.6 (6th Cir. 1999). The fact that both parties simultaneously argue that there are no genuine factual issues does not in itself establish that a trial is unnecessary, and the fact that one party has failed to sustain its burden under Rule 56 does not automatically entitle the opposing party to summary judgment. *See* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2720 (1998).

## II. The Parties' Cross-Motions for Summary Judgment

The parties' motions raise two issues: (1) whether the quit claim deeds executed by Devore Rentals, LLC, to JACD, LLC, effected a transfer of title to the Subject Properties; and (2) if the transfers were effective, whether they were fraudulent transfers under Ohio Revised Code § 1336.04(A)(1) or (A)(2). Because the court finds that the quit claim deeds are void and that Defendant is entitled to a declaration that it has a first and best lien against the Net Sales Proceeds by way of its valid judgment lien against all real property of Devore Rentals, LLC, located in Marion County, Ohio, it does not address Huntington's fraudulent transfer claim.

Huntington argues that the quit claim deeds executed by Devore Rentals, LLC, are null and void since the grantee, JACD, LLC, was not in existence at the time of the attempted conveyance. The court finds that there are no genuine issues of material fact created by the record in this action and that based on the undisputed facts it agrees with Huntington.

Under Ohio law, "[i]t is indispensable to the validity of a grant that the grantee be capable of receiving it and that both the grantee and the grantor be persons or entities in being at the time of the grant."

4

*Thomas v. City of Columbus*, 39 Ohio App. 3d 53, 55 (1987) (citing *Sloane v. McConahy*, 4 Ohio 157, 169 (1829)). The transfer of property to a non-existent grantee "is a mere nullity." *Muskingum Valley Turnpike Co. v. Ward*, 13 Ohio 120, 127 (1844); *Meta Brain/Mind Biomedical Research Found. v. Gorges*, No. 68686, 1995 WL 643804, *6, 1995 Ohio App. LEXIS 4884, *20 (Ohio App. Nov. 2, 1995) (holding that since grantee was neither a de facto nor a de jure corporation, it was incapable of holding title and any purported transfer of property was void).

In this case, the parties agree that JACD, LLC, did not exist at the time the quit claim deeds were executed by Devore Rentals, LLC. And there is no evidence, and Plaintiff does not argue, that Debtors ever took any steps to complete the creation of the limited liability company after the execution of the deeds. Although not a stipulated fact, Defendants state in their answer to Huntington's cross-claims that an attempt was made to register with the Ohio Secretary of State but that the name JACD, LLC was ultimately rejected and the paperwork was returned to Defendants' counsel after Debtors' Chapter 7 case was filed. [Doc. # 9, ¶ 10]. Defendants further state that they "decided not to resubmit the paperwork to the Secretary of State as the need for the LLC no longer existed." [*Id.*] While a de facto corporation has the capacity to acquire legal title to real estate, *Thomas*, 39 Ohio App. at 55 (citing *Society Perun v. City of Cleveland*, 43 Ohio St. 481 (1885)), where a business entity does not make a good-faith effort to incorporate or does not take necessary steps to complete incorporation, a court will not impose de facto corporate status. *Americare Healthcare Servs. v. Akabuaku*, No. 10AP-777, 2010 WL 4705148, *4, 2010 Ohio App. LEXIS 4750, *9 (Ohio App. Nov. 18, 2010).

The court finds that because JACD, LLC, was not an existing entity, it was not capable of taking title to the Subject Properties. Plaintiff offers no evidence or argument to the contrary. Consequently, under the authorities cited above, the quit claim deeds purporting to transfer title to the Subject Properties to JACD, LLC, are void, and title to the Subject Properties remained at all relevant times in Devore Rentals, LLC so that the bank's judgment lien attached to them. Huntington having a valid judgment lien against all properties owned by Devore Rentals, LLC, in Marion, Ohio, and no other party having an interest in the Subject Properties, Huntington is entitled as a matter of law to a declaratory judgment that it has a first and best lien against those properties.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 15] be, and hereby is, **DENIED**; and

**IT IS FURTHER ORDERED** that the Motion of Huntington National Bank for Summary Judgment [Doc. # 16] be, and hereby is, **GRANTED.** A separate final judgment conforming to this memorandum of decision and order will be entered by the court.